## In Equity.

WILLIAM C. STAPLES *vs.* OLIVER R. BOWDEN.

### Waldo.    Opinion February 26, 1909.

*Resulting Trust. Equity. Appeal. Decree.*

It is a familiar principle in equity that the beneficial estate attaches to the party from whom the consideration comes. Hence when property is purchased and the conveyance of the legal title is taken in the name of one person and the purchase money is paid by another generally a result-ing trust will be presumed in favor of the party who pays the price, and the holder of the legal title becomes a trustee for him.

The plaintiff purchased certain real estate with his own money and had the conveyance made to his sister the wife of the defendant. The plaintiff claimed that he intended that the title to the real estate should be held in trust by the sister for his benefit. The sister died intestate and the legal title to the real estate descended to her husband, the defendant, and her son and only child. Subsequently the son conveyed his interest in the real estate to the defendant. On a bill in equity brought by the plaintiff praying that it be decreed that the defendant held the real estate in trust for him and be ordered to convey the same to him, the jury found that it was not the intention of the plaintiff that the conveyance to the sister should be a gift to her but that it should be held in trust by her for his benefit. These findings were confirmed by the decree of the single Justice and the defendant was ordered to convey the real estate to the plaintiff. On appeal from this decree, *Held:* (1) That the burden was upon the defendant to show that the decree was clearly erroneous. (2) That it is not shown that the decree was manifestly wrong. (3) That the appeal be dismissed.

In equity.    On appeal by defendant.    Dismissed.

Bill in equity praying that it be decreed that the defendant held certain real estate in trust for the plaintiff and that he be ordered to convey the same to the plaintiff.

The plaintiff's bill, omitting formal parts, is as follows:

"Wilson C. Staples, of Stockton Springs, in the County of Waldo, and State of Maine, complains against Oliver R. Bowden of said Stockton Springs, and says:

"1. That the plaintiff on the seventh day of April, A. D. 1887, purchased from William Hichborn, of said Stockton Springs, the following described real estate, to wit:—(Description omitted in this report) and paid the said William Hichborn therefor the sum of six hundred and seventy-five dollars of his own money, and caused the legal title of said real estate to be conveyed to his sister, Orilla Bowden, since deceased. Said deed is dated the seventh day of April, A. D. 1887, and recorded in Waldo Registry of Deeds, Book 215, Page 452, a copy of which deed is hereto annexed, marked "Exhibit A." (Exhibit omitted in this report.)

"2. That no part of the purchase price of said real estate was paid by said Orilla Bowden or any other person, except the plaintiff, and said conveyance to said Orilla Bowden was not intended as a gift, but was intended that the legal title should be held by her in trust for the use and benefit of the plaintiff, all of which was well known by the said Oliver R. Bowden and by Leonard H. Bowden, son of said Orilla Bowden, hereinafter mentioned.

"3. That the said Orilla Bowden died on the       day of July, A. D. 1906, seized of said legal title to said real estate, leaving a husband, the said Oliver R. Bowden, and one son Leonard H. Bowden of Stockton Springs, as her only heir at law, to whom said legal title to said real estate descended.

"4. That on the tenth day of September, A. D. 1906, the said Leonard H. Bowden gave the said Oliver R. Bowden a quitclaim deed of all his right, title and interest in said real estate, which deed is recorded in Waldo Registry of Deeds, Book 280, Page 215, a copy of which deed is hereto annexed, marked 'Exhibit B'. (Exhibit omitted from this report.)

"5. Said Oliver R. Bowden now claims to own said real estate absolutely in fee simple, and refuses to convey the same to the plaintiff or to recognize the plaintiff's equitable ownership thereof, and claims that the plaintiff has no right, title or interest therein."

"Wherefore, the plaintiff prays:

"1. That it may be decreed that the said Orilla Bowden took the legal title to said real estate in trust for the use and benefit of said plaintiff.

"2.   That it may be decreed that the said Oliver R. Bowden now holds the legal title to said real estate under a resulting trust in favor of the said plaintiff, and that he be ordered to convey said real estate to said plaintiff by a good and sufficient deed of conveyance.

"3.   That the plaintiff may have such other and further relief as the nature of the case and equity may require."

To this bill the defendant filed an answer which, omitting formal parts, is as follows:

The answer of defendant, who answers and says:

"First.   The defendant says that the conveyance of plaintiff to Orilla Bowden was intended as a gift and that it was not intended that the legal title should be held by her in trust for the use and benefit of the plaintiff.

"Second.   The defendant says that the plaintiff never called for a conveyance from Orilla Bowden nor has he called for a conveyance from defendant nor has he ever claimed an equitable ownership thereof."

The plaintiff then filed a replication which, omitting formal parts, is as follows:

"The replication of the plaintiff Wilson G. Staples to the answer of Oliver R. Bowden.

"The plaintiff says that the allegations contained in his bill are true and those in the defendant's answer are not true, and this he is ready to prove.

"And the plaintiff prays that issues of fact may be directed to be framed for the purpose of submitting to a jury the following questions:

"1.   Was the money paid by the plaintiff for the real estate described in the bill, intended as a gift by the plaintiff to Orilla Bowden?

"2.   Was the conveyance of the real estate, described in the bill by William Hichborn to Orilla Bowden intended by the plaintiff as a gift to her?

"3. Was it the intention of the plaintiff, at the time said conveyance was made, that said Orilla Bowden should hold the legal title to said real estate in trust for his use and benefit?"

The cause was then heard on bill, answer, replication and evidence and the issues of fact as specified in the replication were submitted to the determination of the jury. The jury answered the first two questions in the negative and the third question in the affirmative. Thereupon the presiding Justice ordered, adjudged and decreed as follows:

"1. That the verdicts rendered by the jury be confirmed.

"2. That the bill be sustained with costs.

"3. That Orilla Bowden, named in said bill, took the legal title to the real estate described in said bill, in trust for the use and benefit of the plaintiff.

"4. That the said defendant, Oliver R. Bowden, now holds the legal title to said real estate in trust for the plaintiff.

"5. That the said Oliver R. Bowden be, and hereby is, ordered and decreed to convey said real estate to the plaintiff, by a good and sufficient deed of conveyance within thirty days from this date."

The defendant then appealed to the Law Court as provided by Revised Statutes, chapter 79, section 22.

The case appears in the opinion.

*Dunton & Morse,* for plaintiff.

*William P. Thompson,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SPEAR, CORNISH, KING, JJ.

WHITEHOUSE, J. This is a bill in equity in which the court is asked to decree that the defendant holds the real estate described in the bill in trust for the plaintiff and that the defendant be ordered to convey the property to the plaintiff. It is claimed in the bill that the plaintiff purchased the real estate in question with his own money in the year 1887 and had the conveyance made to his sister "Orilla" (Aurelia) Bowden, the defendant's wife, intending that the title should be held by her for his benefit. Orilla Bowden died in 1906 leaving the defendant and one son as her only heirs to whom

the legal title of this property descended.    Subsequently the son quitclaimed his interest to the defendant who now claims absolute title to the property.

In his answer the defendant does not deny that the property was purchased by the plaintiff with his own money and alleges that the conveyance to Orilla Bowden was intended as an absolute gift and denies that the legal title was held by her in trust for the plaintiff.

Upon issues of fact framed for their determination, the jury found that it was not the intention of the plaintiff that the convey-ance to Orilla Bowden should be a gift to her but that it should be held in trust by her for the plaintiff's benefit.    These findings of the jury were confirmed by the decree of the single Justice and the defendant ordered to convey the property to the plaintiff.    The case comes to the Law Court on appeal from this decree.

It· is a familiar principle in equity that the beneficial estate attaches to the party from whom the consideration comes.    Hence when property is purchased and the conveyance of the legal title is taken in the name of one person and the purchase money is paid by another, generally a resulting trust will be presumed in favor of the party who pays the price, and the holder of the legal title becomes a trustee for him.    But this presumption exists only when the transaction is between parties where there is neither legal nor moral obligation for the purchaser to pay the consideration for another.    The rule is reversed in its application between husband and wife and also between father and child.    *Wentworth* v. *Shibles*, 89 Maine, 167, and cases cited.

In the case at bar it is not in controversy that the consideration for the property was paid by the plaintiff out of his own money and it is not suggested that there was any legal or moral obligation on his part to make this payment for his sister.    The burden is now upon the defendant to show that the decree of the single Justice is clearly erroneous.

Neither the defendant nor his son was called to testify as a witness and the plaintiff himself who was the only living person who knew what his intention was respecting the conveyance to his sister, was excluded from testifying.

The defendant relies upon the evidence showing the friendly relations between the parties and certain declarations alleged to have been made by the plaintiff who was an unmarried man, tending to show that he caused the conveyance to be made to his sister as a gift with the intention of making his home with her and it appears that when not absent at work, he did make his home with his sister until his death, and frequently and habitually furnished large quantities of supplies for the household.

The testimony of Edith Moody was introduced by the defendant to the effect that six years after the purchase of the place the plaintiff said, speaking of Orilla, that "He had given the place to her— it was hers."

Frank Dickey also testifies that he had a conversation with the plaintiff in 1907 and the plaintiff said "he gave the place to Rilla," meaning Mrs. Bowden. Thomas P. Moody also testified for the defendant, that he heard the plaintiff say that he bought the place and gave it to his sister with the understanding that he should have a home there and that after his sister died, Bowden kicked him out.

But the plaintiff's counsel calls attention to the fact that the conversations by the two witnesses last named appear to have been after the commencement of this suit in equity and after the plaintiff had been informed of his legal and equitable rights and accordingly insist that it is wholly improbable that he made the statements in the precise form stated by the witnesses, as he understood perfectly well that if it was an absolute gift to her, she did not hold it in trust for him.

In behalf of the plaintiff it appears from the assessors' books that the property was taxed to the plaintiff for five years after it was purchased by him, that he made extensive repairs upon the buildings at his own expense and paid for painting and papering up to and including the year 1905, and the plaintiff contends that the fact that he made this house his home when not away at work from 1887 to 1906 when his sister died, strengthens the plaintiff's contention rather than the defendant's. After 1892 the property appears to have been taxed to the defendant Oliver R. Bowden by some arrangement made at that time which appears to have been

satisfactory to the parties.    But as it had never been taxed to his sister Orilla, it is claimed that the assessment to the defendant is very significant evidence that there was originally no intention to make an absolute gift to the sister Orilla in 1887, when the deed was made.

In *Young* v. *Witham*, 75 Maine, 536, a case closely analogous to the one at bar, the court said, "On appeal the burden lies upon the appellant.    There is good reason for the rule in our practice. Cases are now heard before a single judge mostly on oral evidence. When the testimony is conflicting the judge has an opportunity to form an opinion of the credibility of the witnesses not afforded to the full court.    Often there are things passing before the eye of a trial judge that are not capable of being preserved in the record. A witness may appear badly upon the stand and well on the record."

Applying this rule the court does not feel justified in saying that the decision of the single Justice affirming the findings of the jury was manifestly wrong.    The certificate must therefore be,

*Appeal dismissed.*

*Decree below affirmed with costs.*